1

2

3

4

5

6                    **UNITED STATES DISTRICT COURT**

7                       EASTERN DISTRICT OF CALIFORNIA

8
    PEARLINE HOOD,                           CASE NO. 1:12-cv-00215-SKO PC
9
                       Plaintiff,            FIRST SCREENING ORDER DISMISSING
10                                           COMPLAINT, WITH LEAVE TO AMEND,
         v.                                  FOR FAILURE TO STATE A CLAIM UNDER
11                                           SECTION 1983
    FRESNO COUNT DISTRICT
12  ATTORNEY, et al.,                        (Doc. 1)

13                     Defendants.           THIRTY-DAY DEADLINE
    _____/
14

15                          **First Screening Order**

16  **I.    Screening Requirement and Standard**

17          Plaintiff Pearline Hood, a prisoner proceeding pro se and in forma pauperis, filed this civil

18  rights action pursuant to 42 U.S.C. § 1983 on February 15, 2012.[1]  The Court is required to screen

19  complaints brought by prisoners seeking relief against a governmental entity and/or against an officer

20  or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion

21  thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which

22  relief may be granted, or if it seeks monetary relief from a defendant who is immune from such

23  relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

24  _____

25          [1] This action is purportedly brought on behalf of Plaintiff and inmate LaToya Hughes.  Although Hughes
    apparently signed the complaint, there are no allegations or exhibits relating to Hughes and in the caption of the
26  complaint, Plaintiff also purports to bring this as a class action.  While a non-attorney proceeding pro se may bring
    her own claims to court, she may not represent others.  E.g., Simon v. Hartford Life, Inc., 546 F.3d 661, 664-65 (9th
27  Cir. 2008); Fymbo, 213 F.3d at 1321; Johns v. County of San Diego, 114 F.3d 874, 876 (9th Cir. 1997); C. E. Pope
    Equity Trust v. United States, 818 F.2d 696, 697 (9th Cir. 1987).  Therefore, this action shall proceed with Pauline
28  Hood as the sole plaintiff.

                                            1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, __, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at __, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.  Discussion

### A.  Allegations

Plaintiff, who is currently incarcerated at the Fresno County Jail, brings this suit against the Fresno County Superior Court, Judge Penner, and the Fresno County District Attorney. Plaintiff alleges that her bail was set at $480,000.00 for petty theft with a prior, and she does not have access to the law library. Plaintiff seeks a bail reduction and access to the law library.

### B.  Excessive Bail

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim, Plaintiff must demonstrate that each

1  defendant personally participated in the deprivation of her rights.  Iqbal, 556 U.S. at ___, 129 S.Ct.

2  at 1949; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City

3  of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

4  While under certain narrow circumstances excessive bail may violate the Constitution, Galen

5  v. County of Los Angeles, 477 F.3d 652, 659-61 (9th Cir. 2007), the Eleventh Amendment bars any

6  claim by Plaintiff brought in federal court against the State of California, which precludes Plaintiff

7  from suing the Fresno County Superior Court, Wolfson v. Brammer, 616 F.3d 1045, 1065-66 (9th

8  Cir. 2010).

9  Further, Judge Penner is entitled to absolute immunity from damages for judicial acts, absent

10  very limited exceptions not presented here.  Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct.

11  496 (1985); Stump v. Sparkman, 435 U.S. 349, 355-56, 98 S.Ct. 1099 (1978); Crowe v. County of

12  San Diego, 608 F.3d 406, 430 (9th Cir. 2010); Simmons v. Sacramento County Superior Court, 318

13  F.3d 1156, 1161 (9th Cir. 2003); Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988).

14  While judicial immunity does not bar claims for prospective relief generally, Pulliam v. Allen, 466

15  U.S. 522, 536-42, 104 S.Ct. 1970 (1984), section 1983 bars claims for injunctive relief against a

16  judicial officer for actions taken in his judicial capacity, again absent very limited exceptions not

17  presented here, 42 U.S.C. § 1983; Wolff v. Strankman, 392 F.3d 358, 366 (9th Cir. 2004).   This

18  leaves the District Attorney, who is not linked to any actions or omissions which violated Plaintiff's

19  federal rights. Iqbal, 556 U.S. at ___, 129 S.Ct. at 1949; Moss, 572 F.3d at 969.

20  In light of the aforementioned deficiencies, the Court finds that Plaintiff's claim arising from

21  excessive bail is not cognizable.

22  **C.    Denial of Access to the Courts**

23  Plaintiff also alleges denial of law library access.  Inmates have a fundamental constitutional

24  right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346, 116 S.Ct. 2174 (1996); Phillips v.

25  Hust, 588 F.3d 652, 655 (9th Cir. 2009).  However, the right of access to the courts is merely the

26  right to bring to court a grievance the inmate wishes to present, and it is limited to direct criminal

27  appeals, habeas petitions, and civil rights actions.  Lewis, 518 U.S. at 354.  To bring a claim,

28  Plaintiff must have suffered an "actual injury" by being shut out of court.  Christopher v. Harbury,

3

1   536 U.S. 403, 415, 122 S.Ct. 2179 (2002); Lewis, 518 U.S. at 351; Phillips, 588 F.3d at 655.

2       A memorandum attached to Plaintiff's complaint sets forth the jail's law library policy, which

3   provides that inmates who are officially designated as their own attorney by the court and who are

4   actively involved in defending themselves against current, pending criminal charges are entitled to

5   minimal legal resources.  (Comp., court record p. 8.)  The mere existence of a policy limiting the

6   availability of legal resources to a subset of inmates, however, does not support a claim for relief

7   under section 1983.  The Constitution neither mandates the creation of a law library for inmates nor

8   mandates that all inmates have access to an existing law library.  Lewis, 518 U.S. at 351.  Plaintiff's

9   complaint is devoid of any facts supporting the existence of an actual injury, and therefore, Plaintiff's

10  claim fails.

11  **III.   Conclusion and Order**

12      Plaintiff's complaint fails to state a claim under section 1983.  The Court will provide

13  Plaintiff with one opportunity to file an amended complaint, if she believes in good faith she can cure

14  the deficiencies identified and state a claim.  Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000);

15  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this

16  suit by adding new, unrelated claims in her amended complaint.  George v. Smith, 507 F.3d 605, 607

17  (7th Cir. 2007) (no "buckshot" complaints).

18      Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what

19  each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556

20  U.S. at __, 129 S.Ct. at 1948-49.  Although accepted as true, the "[f]actual allegations must be

21  [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555

22  (citations omitted).

23      Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114

24  F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be

25  "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

26  Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

27  amended complaint are waived."  King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,

28  644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

4

Based on the foregoing, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff a complaint form;

2.      Plaintiff's complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983;

3.      Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:      March 14, 2012              _____ /s/ Sheila K. Oberto_____
                                          UNITED STATES MAGISTRATE JUDGE**