# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEARLINE HOOD, | CASE NO. 1:12-cv-00215-SKO PC |
| Plaintiff, | SECOND SCREENING ORDER DENYING MOTION FOR COUNSEL AND DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| FRESNO COUNTY DISTRICT ATTORNEY, | (Doc. 7) |
| Defendant. | ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(G) |
| _____/ | |

## Second Screening Order

### I.    Screening Requirement and Standard

Plaintiff Pearline Hood, a prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on February 15, 2012.  On March 15, 2012, the Court dismissed Plaintiff's complaint, with leave to amend, for failure to state a clam.  Plaintiff filed an amended complaint on April 18, 2012.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

///

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged, Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.   Discussion

### A.   Allegations

Plaintiff, who is currently incarcerated at the Fresno County Jail, brings this suit against the Fresno County District Attorney, Department II.[1]  Plaintiff alleges that she left court on December 20, 2011, for medical reasons, and Judge Penner issued a bench warrant and set her bail for a misdemeanor at $480,000.00.  Plaintiff also alleges that with her very limited access to legal books or assistance, her only recourse is to mail requests for documents to the Fresno Superior Court, but no response has been received.  As relief, Plaintiff seeks to put an end to the imposition of "outrageous bail" for basic misdemeanors and she seeks access to the law library.  (Doc. 7, Amend. Comp., § V.)

---

[1] Presumably the Deputy District Attorney assigned to Department 2 of the Fresno County Superior Court.

1   **B.   Excessive Bail**

2        In her original complaint, Plaintiff also named the State of California and Fresno County

3   Superior Court.  Having been informed that the Fresno County Superior Court is entitled to Eleventh

4   Amendment immunity and Judge Penner is entitled to judicial immunity, the District Attorney is

5   now the only defendant named.

6        Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other

7   federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092

8   (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.

9   Williams, 297 F.3d 930, 934 (9th Cir. 2002).  To state a claim, Plaintiff must demonstrate that each

10  defendant personally participated in the deprivation of her rights.  Iqbal, 556 U.S. at 677-78;

11  Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of

12  Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.

13       While under certain narrow circumstances excessive bail may violate the Constitution, Galen

14  v. County of Los Angeles, 477 F.3d 652, 659-61 (9th Cir. 2007), Plaintiff's amended complaint

15  pleads insufficient facts to support a plausible claim for relief and there is no suggestion the District

16  Attorney, or the Deputy District Attorney assigned to Plaintiff's case, was at all involved in setting

17  Plaintiff's bail, Iqbal, 556 U.S. at 677; Jones, 297 F.3d at 934.

18  **C.   Law Library Access**

19       Plaintiff also fails to state a claim based on denial of legal material or law library access.

20  Plaintiff's amended complaint is devoid of any allegations supporting a plausible claim that she has

21  suffered an "actual injury" by being shut out of court relating to a direct criminal appeal, habeas

22  petition, and/or civil rights actions, Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179

23  (2002); Lewis v. Casey, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996); Phillips v. Hust , 588 F.3d 652,

24  655 (9th Cir. 2009), or that the District Attorney, or the Deputy District Attorney assigned to

25  Plaintiff's case, has any involvement in jail inmates' access to legal material, Iqbal, 556 U.S. at __,

26  129 S.Ct. at 1949; Moss, 572 F.3d at 969.

27  ///

28  ///

1    **III.**    **Counsel**

2        In her prayer for relief, Plaintiff refers to fighting charges from the streets and possibly hiring

3   a private attorney. To the extent Plaintiff's statement can be construed as a request for counsel in

4   this case, it is denied.

5        Plaintiff does not have a constitutional right to the appointment of counsel in this action.

6   Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009); Storseth v. Spellman, 654 F.2d 1349, 1353 (9th

7   Cir. 1981). The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. §

8   1915(e)(1), but it will do so only if exceptional circumstances exist. Palmer, 560 F.3d at 970;

9   Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1981). In making this determination, the

10   Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate

11   her claims *pro se* in light of the complexity of the legal issues involved. Palmer, 560 F.3d at 970

12   (citation and quotation marks omitted); Wilborn, 789 F.2d at 1331. Neither consideration is

13   dispositive and they must be viewed together. Palmer, 560 F.3d at 970 (citation and quotation marks

14   omitted); Wilborn 789 F.2d at 1331.

15        In the present case, the Court does not find the required exceptional circumstances. Plaintiff

16   has not stated any viable claims under section 1983 and the deficiencies at issue are not due to

17   complex legal issues which Plaintiff is unable to articulate.

18   **IV.**    **Conclusion and Order**

19        Plaintiff's amended complaint fails to state a claim upon which relief may be granted under

20   section 1983. Based on the deficiencies at issue in her original and amended complaints, further

21   leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v.

22   Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

23        Accordingly, it is HEREBY ORDERED that:

24      1.      Plaintiff's motion for the appointment of counsel is DENIED;

25      2.      This action is DISMISSED, with prejudice, for failure to state a claim under section

26             1983; and

27   ///

28   ///

1      3.      This dismissal is subject to the "three-strikes" provision set forth  in 28 U.S.C. §

2              1915(g).  Silva v. Vittorio, 658 F.3d 1090, 1098-99 (9th Cir. 2011).

3

4      IT IS SO ORDERED.

5      **Dated:    April 30, 2012**                    _____/s/ Sheila K. Oberto_____
                                                       UNITED STATES MAGISTRATE JUDGE
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28